**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4898

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN NUNEZ-TISCARENO,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:07-cr-00002-RLV)

Submitted: June 30, 2008          Decided: August 6, 2008

Before GREGORY and DUNCAN, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Raquel Wilson, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Nunez-Tiscareno pled guilty to illegal reentry subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a),(b) (2000), and was sentenced to seventy-one months' imprisonment. He appeals, claiming that his sentence was increased based on a prior conviction not alleged in the indictment and, therefore, was unconstitutional.[*] We affirm.

At sentencing, the district court increased Nunez-Tiscareno's base offense level of 8 by 16 levels because a prior state court conviction for trafficking in cocaine constituted an aggravated felony within the meaning of U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(I) (2006). After a three-level reduction for acceptance of responsibility, Nunez-Tiscareno's total offense level was determined to be 21. With a criminal history category of IV, the resulting guidelines range was 57-71 months imprisonment; the district court imposed a sentence at the top of the range.

Nunez-Tiscareno asserts that the district court's factual finding with respect to his prior conviction violates the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000). Nunez-Tiscareno's argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224, 233-36, 243-44

---

[*]Under § 1326(a), an alien who illegally returns to the United States after being removed may be imprisoned for up to two years. 8 U.S.C. § 1326(a). However, § 1326(b)(2) provides that, if the alien's removal was subsequent to an aggravated felony, he faces a maximum prison term of twenty years. 8 U.S.C. § 1326(b)(2).

(1998), which specifically held that, for purposes of § 1326, prior convictions need not be determined by a jury beyond a reasonable doubt. Additionally, this court has reaffirmed the continuing validity of Almendarez-Torres after Apprendi and its progeny. See United States v. Cheek, 415 F.3d 349, 351-54 (4th Cir. 2005).

We therefore conclude that Nunez-Tiscareno's claim is without merit and affirm his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED